UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No: 5:12-CR-395-BR
No. 5:15-CV-380-BR

| | | |
|---|---|---|
| CURTIS EUGENE ELLIS | ) | |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| UNITED STATES OF AMERICA | ) | |
| | ) | |

This matter is before the court on the government's motion to dismiss petitioner's 28 U.S.C. § 2255 motion. (DE # 62.) Petitioner has filed a response in opposition to the government's motion. (DE # 65.)

Pursuant to a plea agreement, petitioner pled guilty to two counts of Hobbs Act robbery and aiding and abetting the same; one count of attempted Hobbs Act robbery and aiding and abetting the same; and one count of using, carrying, and brandishing a firearm during and in relation to, or possession in furtherance of, a crime of violence. Under the terms of the plea agreement, petitioner agreed "to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea." (Pl. Ag., DE # 33, at 2.) By judgment entered 9 July 2014, petitioner was sentenced to a total term of 228 months imprisonment, to run consecutively to any previously imposed state or federal sentence. Petitioner appealed his sentence. By mandate issued 6 May 2015, the Fourth Circuit Court of Appeals affirmed. (DE # 51.)

Petitioner timely filed his § 2255 motion on 19 August 2015. (DE # 58.) In response,

the government filed the instant motion to dismiss. Pursuant to Federal Rule of Civil Procedure 12(b)(6), the government contends that petitioner has failed to state any claim entitling him to relief.

> It is well established that a motion filed under Rule 12(b)(6) challenges the legal sufficiency of a complaint, and that the legal sufficiency is determined by assessing whether the complaint contains sufficient facts, when accepted as true, to "state a claim to relief that is plausible on its face." This plausibility standard requires only that the complaint's factual allegations "be enough to raise a right to relief above the speculative level."

Houck v. Substitute Tr. Servs., Inc., 791 F.3d 473, 484 (4th Cir. 2015) (citations omitted). This same standard applies equally to a Rule 12(b)(6) motion challenging a § 2255 motion. See Walker v. Kelly, 589 F.3d 127, 138-39 (4th Cir. 2009) (recognizing that the standards of Rule 12(b)(6) apply to the government's motion to dismiss a habeas corpus motion under § 2254).

Petitioner asserts the following grounds for relief in his § 2255 motion: (1) the court sentenced him contrary to federal law which violated his constitutional rights; (2) the sentence enhancement added 84 months to his sentence in violation of federal law; (3) the court sentenced him in violation of United States v. Simmons, 649 F.3d 237 (4th Cir. 2011); and (4) trial and appellate counsel rendered ineffective assistance. The court considers these claims in turn.

In support of his first claim, petitioner contends that the court sentenced him "to multiple sentences that resulted from [a] crime spree." (Mot., DE # 58, at 4 (alteration in original).) He further contends that the state and federal courts punished him for the same conduct and the imposition of "concurrent" sentences "did not solve the collateral consequences of the crime." (Id.) The court agrees with the government that this claim must be dismissed.

The Double Jeopardy Clause protects a defendant against "the imposition of cumulative punishments for the same offense in a single criminal trial" as well as "being subjected to

successive prosecutions for the same offense." United States v. Goodine, 400 F.3d 202, 206 (4th Cir. 2005) (internal quotation marks and citation omitted). "Under the doctrine of dual sovereignty, however, federal prosecutions are not barred by a previous state prosecution for the same or similar conduct." United States v. Christmas, 222 F.3d 141, 145 (4th Cir. 2000) (citation omitted).

Here, the record readily establishes that the multiple sentences this court imposed were for distinct criminal offenses, despite the fact that petitioner was admittedly engaged in a "crime spree." As for any relevant prior state prosecutions, the state charges directly related to petitioner's federal offenses were actually dismissed. (PSR, DE # 38, ¶ 41.) Petitioner was convicted in state court of a common law robbery which occurred on 1 December 2011, the same date as two of the robberies with which he was convicted in this court. (Id. ¶ 30.) However, the robbery which was the subject of the state offense involved a robbery different from the two federal robberies. (Compare id. with id. ¶¶ 5, 6.) Even if they were not different, as noted, double jeopardy is not violated.

As for petitioner's second and third claims, the government argues that they are barred by the waiver in petitioner's plea agreement. The court agrees. "[A] criminal defendant may waive his right to attack his conviction and sentence collaterally, so long as the waiver is knowing and voluntary." United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005). Petitioner argues that his plea was not knowing and intelligent because he "was misled about the maximum and minimum possible sentences and [he] did not fully understand the plea[.]" (Resp., DE # 65, at 1.)

At petitioner's Rule 11 hearing, the following colloquy occurred between the court and

3

petitioner.

    Q Mr. Ellis, have you had plenty of time and opportunity to discuss your case with Mr. Ross, your lawyer?
A Yes, sir.
Q Are you satisfied with the services that he's rendered to you?
A Yes, sir.
Q Sitting where you were a moment ago, did you hear my explanation of the rights that you have under the constitution and laws of the United States on the charges that you are facing here?
A Yes, sir.
Q Did you fully understand what I had to say?
A Yes, sir.
Q Do you now have any questions you'd like to ask me about what I told you?
A No, sir.
Q Knowing that you must waive or give up certain of those rights before you will be allowed to enter a plea of guilty, are you absolutely sure this is what you want to do?
A Yes, sir.
Q Did you also hear and understand what I had to say about the advisory sentencing guidelines?
A Yes, sir.
Q I assume you have discussed your guideline range and the possibilities of that with your lawyer?
A Yes, sir.
Q And I assume he has told you where he calculates your guideline range will probably fall. He's done that, hasn't he?
A Yes, sir.
Q You understand that in doing that he was exercising his best professional judgment as your lawyer?
A Yes, sir.
Q And that if the numbers he has forecast happen to differ from the numbers determined by the court on the date of your sentencing, that would not give you any right to change your mind and plead not guilty and be tried by a jury. Do you understand that?
A Yes, sir.
Q Do you have any questions you'd like to ask me about the sentencing guidelines?
A No, sir.
Q Has anybody threatened you or in any way forced you to come into court today to enter this plea of guilty?
A No, sir.
Q I've been given a memorandum of plea agreement which consists of some ten pages, and on the last page Mr. Ross, your lawyer, signed it, Ms. Jane Jackson for

4

Mr. John Bennett signed it on behalf of the government. It appears that you have signed it there Curtis Ellis, on the line just above where your name is typed, Curtis Eugene Ellis. Is that your signature?
A Yes, sir.
Q Before you signed this document, did you read it?
A Yes, sir.
Q Did you go over it with Mr. Ross?
A Yes, sir.
Q I take it then that you feel as if you understand its contents?
A Yes, sir.
Q I want you to listen to me now as I summarize my understanding of this plea agreement. I'm going to do that for the public record. I'm not going to read it in its entirety.

 After I have completed my summary, I want you to tell me if I have left out anything that you consider to be of particular importance; or more importantly, if I have misstated something, that is if I have stated something that differs from your understanding. Okay?
A Yes, sir.
Q My understanding is that you've agreed to plead guilty to counts one, three, four, and five of this indictment, fully understanding that count one charges you with attempted robbery of a business in interstate commerce and aiding and abetting in that offense, on which you face maximum penalties of 20 years in prison with no minimum term, three years supervised release, two years upon revocation of supervised release, $250,000 in fines, restitution and a special assessment.

 That you understand that count three charges you with robbery of a business in interstate commerce and aiding and abetting, on which you face maximum penalties of 20 years in prison with no minimum, three years supervised release, two years upon revocation of supervised release, $250,000 in fines, restitution and a $100 special assessment.

 That you understand that count four charges you with the use or carrying and brandishing of a firearm during and in relation to a crime of violence, or possession in furtherance thereof, and aiding and abetting. The elements of which are that: first, that on or about December 1, 2011, you committed a crime of violence for which you may be prosecuted in a court of the United States, specifically the robbery of a business in interstate commerce as alleged in count three.

 Second, that you knowingly used and carried and brandished a firearm during and in relation to the commission of that crime, or possessed it in furtherance of the crime.

 And third, that you aided and abetted another in doing so.

 That the maximum penalty you face on that count is life in prison with a minimum of seven years consecutive to any other sentence imposed. I must tell you that that minimum is a congressionally mandated minimum; that is, it's

5

> mandated by the congress of the United States. Supervised release five
> years, five years upon revocation of supervised release, $250,000 in fines,
> restitution and a $100 special assessment.
>     That you further understand that count five charges you with
> robbery of a business in interstate commerce, on which you face
> maximum penalties of 20 years in prison, no minimum, three years
> supervised release, two years upon revocation of supervised release,
> $250,000 in fines, restitution and a special assessment.
>     . . . .
>     That you waived your right to appeal your sentence, including any
> guideline range issue, reserving only the right to appeal from a sentence in
> excess of the advisory guideline range. That you waived your right to
> contest your conviction or sentence in any post-conviction proceeding.
>     You have preserved, by way of motion or appeal, to contest any
> contention you may have as to ineffective assistance of counsel or
> prosecutorial misconduct which you may not have known about at the
> time of the entry of your plea.
>     . . . .
>     Have I fairly and accurately summarized the terms and conditions
> of this agreement as you understand it?
> A Yes, sir.
> Q Has anyone told you anything at all to get you to sign this agreement other than
> what appears on the pages of the agreement itself?
> A No, sir.
> Q Have you answered all of my questions truthfully?
> A Yes, sir.

(4/1/14 Tr., DE # 50, at 11-18.)

Petitioner is bound by the sworn statements he made at the plea hearing. Lemaster, 403 F.3d at 221-22. The court stands by its earlier finding that "the plea was freely and voluntarily entered" and "at the time it was entered the defendant had a full and complete understanding of the nature of the charges and the maximum penalties provided by law and that a factual basis exists for the plea." (4/1/14 Tr., DE # 50, at 20.) Having so found, the court must determine whether petitioner's second and third claims are within the scope of the post-conviction waiver in the plea agreement. See United States v. Blick, 408 F.3d 162, 171 n.10 (4th Cir. 2005). The errors about which petitioner complains do not concern prosecutorial misconduct or

6

ineffective assistance of counsel.  Thus, the second and third claims fall within the scope of the post-conviction waiver, and they will be dismissed.

Finally, petitioner claims that his trial and appellate counsel rendered ineffective assistance by not researching, discovering, or presenting the applicable law to the court causing petitioner to receive a greater sentence than he otherwise would have and causing him to lose the appeal.  (Mot., DE # 58, at 8.)  With regard to an ineffective assistance of counsel claim,

> a person must show (1) that his attorney's performance "fell below an objective standard of reasonableness" and (2) that he experienced prejudice as a result, meaning that there exists "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 687-88, 694, 104 S. Ct. 2052, 80 L .Ed. 2d 674 (1984).  A different inquiry is necessary with respect to the prejudice prong, however, where a conviction is based upon a guilty plea.  In that situation, a person must demonstrate "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  In discussing "the importance of protecting the finality of convictions obtained through guilty pleas," the Supreme Court recently declared that "[s]urmounting *Strickland's* high bar is never an easy task."

United States v. Fugit, 703 F.3d 248, 259 (4th Cir. 2012) (most citations omitted).

Petitioner has not alleged facts sufficient to support an ineffective assistance of claim. His motion does not specify what that applicable law is counsel should have located or what it would have shown in terms of a lower sentence, success on appeal, or otherwise.  His response in opposition to the government's motion offers no further detail.

Petitioner has failed to sufficiently state any claim entitling him to relief.  The government's motion to dismiss is ALLOWED, and the § 2255 motion is DISMISSED.  The court finds that petitioner has not made "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Pursuant to Rule 11(a) of the Rules Governing Section 2255

7

Proceedings, a certificate of appealability is DENIED.

This 11 January 2016.

_____
W. Earl Britt
Senior U.S. District Judge