IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Case No. 5:12-CR-00395-M

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | ORDER |
| CURTIS EUGENE ELLIS, | |
| Defendant. | |

This matter comes before the court on the Defendant's Motion for Compassionate Release [DE 82] and the United States' response in opposition to the motion (DE 93). Defendant argues that the district court should have ordered that his federal sentence run concurrently to his state sentence, and the court's failure to do so constitutes an extraordinary and compelling reason warranting a sentence reduction. For the reasons that follow, Defendant's motion is denied.

I.  **Background**

   A.  Procedural History

On April 1, 2014, Defendant pled guilty to three counts of Hobbs Act robbery and one count of brandishing a firearm. DE 32. On July 9, 2014, the Honorable W. Earl Britt sentenced Defendant to a total term of 228 months in prison (144 months on counts 1, 3, and 5, and 84 months on Count 4), followed by five years on supervised release. J., DE 43. Defendant appealed his sentence, arguing that the district court inadequately explained its decision to require that Defendant's federal sentence run consecutively to his state sentences, but the Fourth Circuit Court of Appeals rejected his argument and affirmed the judgment. DE 51.

B.  Current Motion

Defendant, proceeding pro se, filed the current motion on July 13, 2023, asserting that he is entitled to a reduced sentence because his "federal sentence should have been [run] concurrently with his state sentences." DE 82. Attached to the present motion is a copy of Defendant's request to the warden at FCI-Coleman for a sentence reduction and the warden's response, denying the request. *See* DE 82-1. This court appointed counsel to represent Defendant in this matter, and Richard Croutharmel entered his appearance on August 15, 2023. DE 87. However, on September 1, 2023, Mr. Croutharmel moved to withdraw stating that he "reviewed Mr. Ellis's documents in support and decided that he does not intend to file any pleadings for Mr. Ellis pursuant to his compassionate release motion." DE 88.

The United States filed a response to Defendant's motion on December 7, 2023. DE 93. The government asserts that Defendant fails to demonstrate an extraordinary and compelling reason, contending that (1) based on the information from the presentence investigation report ("PSR"), Defendant's federal and state convictions do not appear to address the same conduct; (2) assuming that Defendant's federal and state offenses covered the same conduct, courts have routinely noted that "federal and state crimes are not the same offense, no matter how identical the conduct they proscribe"; and (3) to the extent Defendant argues that this Court erred in running his sentence consecutive to his state sentence, the Fourth Circuit Court of Appeal addressed and rejected that argument. *Id.* at 11-12. The United States also argues that reducing Defendant's sentence by any degree would minimize the seriousness and nature and circumstances of the offense and fail to afford adequate deterrence to criminal conduct and protect the public from further crimes. *Id.* at 13 (citing 18 U.S.C. §3553(a)).

Although provided the opportunity to do so, Defendant did not file a reply brief. In reaching its determination not to exercise its discretion to reduce Defendant's sentence, the court has considered all of the filed documents.

## II.    Legal Standards

For a motion seeking relief under § 3582(c)(1)(A), a district court in its discretion may reduce a defendant's term of imprisonment if: (1) the defendant has fully exhausted all administrative rights to appeal a failure of the BOP to bring such motion on the defendant's behalf *or* the lapse of thirty days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier; and (2) the court finds that extraordinary and compelling reasons warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i);[1] *United States v. Muhammad*, 16 F.4th 126, 130 (4th Cir. 2021). In deciding to reduce a sentence based on extraordinary and compelling reasons, the court must consider the factors set forth in section 3553(a), to the extent applicable, and determine that a reduction is consistent with applicable policy statements issued by the United States Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Kibble*, 992 F.3d 326, 331 (4th Cir.), *cert. denied*, 142 S. Ct. 383, 211 L. Ed. 2d 204 (2021).

In its 2021 manual,[2] the Sentencing Commission outlined a non-exhaustive list of circumstances that constitute extraordinary and compelling reasons for compassionate release. *See*

---

[1] Alternative grounds for a sentence reduction, inapplicable here, are outlined in § 3582(c)(1)(A)(ii) (listing that the defendant be at least seventy years old, served at least thirty years in prison, and have a BOP determination that he is not a danger to the safety of any other person or the community).

[2] As set forth above, the United States Sentencing Commission recently adopted a new § 1B1.13 policy statement, which became effective on November 1, 2023. At least one district court in this circuit has applied the new statement, notwithstanding that the motion in that case was filed in February 2023. *See United States v. Penniegraft*, No. 1:08CR231-2, 2024 WL 328716, at *2 n.3 (M.D.N.C. Jan. 29, 2024) (finding that the new policy statement did not "adversely affect [defendant]'s avenues for relief"); *see also* USSG § 1B1.11(b)(1)-(2) (barring the use of the manual in effect on the date of sentencing if it would violate the *ex post facto* clause, and requiring application of manual "in its entirety"). In this case, the 2023 policy statement does not appear to

3

U.S. Sent'g Guidelines Manual § 1B1.13, cmt. n.1(A)-(C) (U.S. Sent'g Comm'n 2021) (hereinafter "U.S.S.G.") (listing terminal illness; a condition from which a defendant is not expected to recover that substantially diminishes his ability to provide self-care within the correctional-facility environment; age 65 or older; and other listed requirements or enumerated family circumstances). Notably, this version of Section 1B1.13 pre-dates the enactment of the First Step Act, which amended Section 3582 to provide defendants with direct access to the courts. Consequently, the Fourth Circuit has found that "[t]he only policy statement that possibly could be 'applicable'" was Section 1B1.13, but that provision, "[b]y its plain terms, . . . does not apply to *defendant-filed* motions under § 3582(c)(1)(A)." *United States v. McCoy*, 981 F.3d 271, 282 (4th Cir. 2020) (emphasis added); *see id.* at 281 ("What § 3582(c)(1)(A) requires is that sentence reductions be consistent with 'applicable policy statements.' And here, that consistency requirement simply is not implicated, for the threshold reason that there currently exists no 'applicable policy statement[].'").

However, the Fourth Circuit has also recognized that Section 1B1.13, "though issued before Congress authorized defendant-filed motions, 'remains helpful guidance even when motions are filed by defendants'" for defining medical conditions that may serve as extraordinary and compelling reasons for a sentence reduction. *United States v. High*, 997 F.3d 181, 186 (4th Cir. 2021) (quoting *McCoy*, 981 F.3d at 282 n.7); *see also United States v. Hargrove*, 30 F.4th 189, 197-98 (4th Cir. 2022) (approving consideration of § 1B1.13, BOP Program Statement 5050.50, and other factors). Moreover, the appellate court has determined that "the district court may consider any extraordinary and compelling reasons raised by the defendant as well as review

---

narrow the range of possible extraordinary and compelling reasons; nevertheless, Defendant's motion was filed well before the new policy statement's effective date and, thus, the court will apply the 2021 version of the USSG manual in effect at the time of the motion's filing and will consider the full range of extraordinary and compelling reasons available under *McCoy*.

4

§ 1B1.13 to determine whether there is a sufficient 'extraordinary and compelling circumstance' warranting a sentence reduction." *United States v. Jenkins*, 22 F.4th 162, 169–70 (4th Cir. 2021); *see also McCoy*, 981 F.3d at 284 ("district courts are 'empowered ... to consider *any* extraordinary and compelling reason for release that a defendant might raise.'") (citation omitted) (emphasis in original).

A defendant who seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A) bears the burden of establishing that such relief is warranted. *United States v. Centeno-Morales*, 90 F.4th 274, 279 (4th Cir. 2024). The court may deny a defendant's motion based on its consideration of the applicable 3553(a) factors, even if extraordinary and compelling circumstances exist. *See Kibble*, 992 F.3d at 331-32. Notably, "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." 28 U.S.C. § 994(t).

## III. Analysis

Based on the requirements of § 3582(c)(1)(A), Defendant's motion requires the court to consider (1) whether he exhausted his administrative remedies; (2) if so, whether extraordinary and compelling reason(s) exist warranting a reduction of his sentence; and (3) if so, what, if any, sentence reduction is appropriate after considering the applicable 18 U.S.C. § 3553(a) factors. The parties agree and the record reflects that Defendant has exhausted his available administrative remedies.

### A. Extraordinary and Compelling Reason Under § 3582(c)(1)(A)

Defendant contends that an analysis of his sentence under the "relevant conduct principles" of U.S.S.G. § 1B1.3(a)(2) constitutes an extraordinary and compelling reason to order the modification of his federal sentence to run concurrently with his state sentence. The court disagrees for several reasons.

5

First, the binding decision in *United States v. Ferguson*, 55 F.4th 262 (4th Cir. 2022) forecloses Defendant's request. In *Ferguson*, the court ruled that § 3582(c)(1)(A) cannot be used as a tool for attacking a sentence or conviction; rather, § 2255 is the exclusive means by which defendants may launch such attack after the conclusion of a direct appeal. 55 F.4th at 270. The defendant in that case sought compassionate release under § 3582(c)(1)(A), arguing that the indictment was deficient, the government failed to inform him at arraignment of the correct penalty, the district court failed to instruct the jury properly, the sentencing guidelines range was computed improperly, and his trial counsel was ineffective in several respects. *Id.* at 266. The court found these arguments constituted attacks on the defendant's conviction and sentence, which could be raised only under § 2255. *Id.* at 272. Similarly, in this case, Defendant argues that the district court erred in failing to apply the precepts in U.S.S.G. §§ 1B1.3(a)(2) and 5G1.3(b). *See* DE 82 at 3 (arguing that §§ 1B1.3(a)(2) and 5G1.3(b) "should have been taken into account" and that the sentencing judge "declined to consider the mandatory nature of § 5G1.3"). In so arguing, Defendant improperly attempts to use § 3582(c)(1)(A) to attack his sentence.[3]

Second, even if the court were permitted to address Defendant's argument, it would find that he does not proffer a compelling reason for a modification; Defendant relies on U.S.S.G. § 1B1.3(a)(2) but the section is not applicable to his counts of conviction. The subsection requires that the guidelines computation be determined, *inter alia*, based on "all acts and omissions ... that were part of the same course of conduct or common scheme or plan as the offense of conviction," "*solely with respect to offenses of a character for which § 3D1.2(d) would require grouping of multiple counts.*" §1B1.3(a)(2) (emphasis added). As demonstrated by the Sentencing Guidelines

---

[3] Notably, Defendant cites *United States v. McCoy*, 981 F.3d 271 (4th Cir. 2020), in support of his position; however, in that case, the defendants did not attack their sentences but, rather, argued that a change in the sentencing law, which occurred after their sentencings (but did not apply retroactively), merited a reduction in their sentences to conform to that change. *Id.* at 275.

6

and his PSR, Defendant's robbery counts are not offenses for which § 3D1.2(d) requires grouping. *See* PSR, ¶¶ 54-80; *see also* U.S.S.G. § 3D1.2(d), comment 6 (when a "defendant is convicted of three counts of bank robbery[,] [t]he counts *are not* to be grouped together, nor are the amounts of money involved to be added.") (emphasis in original). Defendant's argument is not persuasive.[4]

Finally, Defendant does not acknowledge that he appealed his sentence, arguing that the district court did not adequately explain its reason for imposing the federal sentence to run consecutively to the state sentence. *See* DE 51. The Fourth Circuit concluded that the district court, in fact, "adequately explained its reasons for the sentence as a whole." *Id.* at 4.

In sum, this court finds Defendant fails to establish an extraordinary and compelling reason to grant him compassionate release under § 3582(c)(1)(A).

B.   Consideration of the § 3553(a) Factors

The court also finds that consideration of the factors set forth in 18 U.S.C. § 3553(a) weighs against granting Defendant's motion. Section 3553(a) requires that a "court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection." In determining whether such purposes have been fulfilled with respect to the present motion, the court should consider, *inter alia*, the nature and circumstances of the offense, the history and characteristics of the defendant, and the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with

---

[4] The court also agrees with the United States that the robberies (two prosecuted by the state and three by federal authorities), which occurred within hours or a day of each other, occurred at different places under different circumstances and "do not appear to address the same conduct." *See United States v. Alvarado*, 440 F.3d 191, 196 (4th Cir. 2006) ("different sovereigns often define and prosecute similar crimes in different ways").

7

needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. *See* 18 U.S.C. § 3553(a); *see also Jenkins*, 22 F.4th at 170.

Here, Defendant does not argue that the applicable factors weigh in his favor and proffers no information or evidence supporting such a position. Although provided the opportunity to rebut the United States' argument in this regard, Defendant chose not to do so. The United States cites Judge Britt's findings at the sentencing hearing concerning Defendant's criminal history:

> This defendant's prior criminal record includes 17 felony convictions, which includes breaking and entering, larceny, possession of stolen goods and common law robbery. He has adjusted poorly to community supervision as indicated by his two prior probation revocations.

Tr. 9: 9-14, DE 49. Regarding the underlying conduct, Defendant robbed three different locations in one evening. PSR, DE 38 at 3-4. The conduct was violent, in that he brandished a handgun at his victims at each robbery. *Id.* The court finds that Defendant's history and offense conduct strongly implicate the need for a sentence "to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment," and "to afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(A)–(B).

The only other information the court has is Defendant's projected release date of February 14, 2033. The court has fully considered the § 3553(a) factors and concludes that the purposes of Defendant's sentence remain unfulfilled.

### IV. Conclusion

The court finds that Defendant has failed to demonstrate an extraordinary and compelling reason to warrant this court exercising its discretion to grant a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A). Moreover, Defendant pled guilty to three counts of robbery and aiding and abetting and one count of brandishing a firearm. This conduct, together with a significant

criminal history, resulted in a 228-month prison sentence, for which Defendant has not yet fulfilled the purposes set forth in 18 U.S.C. § 3553(a).

For these reasons, Defendant's motion for compassionate release pursuant to 18 U.S.C. 3582(c)(1)(A) [DE 82] is DENIED.

SO ORDERED this 17th day of October, 2024.

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE